IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **HAROLD DONNIE HALBROOK,** | ) | |
| #01590442 | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 3:22-CV-0132-M (BH) |
| | ) | |
| **BOBBY LUMPKIN,** | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241*, received on January 19, 2022 (doc. 3), should be construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and **DENIED** with prejudice as barred by the statute of limitations.

## I.    BACKGROUND

Harold Donnie Halbrook (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his 2009 sentences in Case Nos. 24882 and 24883 in Hunt County, Texas.  (*See* doc. 3 at 3.)  He names Bobby Lumpkin, the Director of the TDCJ-CID, as the respondent. (*See id.* at 1.)

On July 29, 2009, Petitioner was convicted of two counts of indecency with a child by exposure, two counts of indecency with a child by contact, and two counts of aggravated sexual assault of a child in Case No. 24882 in the 196th District Court of Hunt County, Texas; he was sentenced to 10 years' imprisonment on each of the counts of indecency with a child by exposure,

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

20 years' imprisonment on each of the counts of indecency with a child by contact counts, and life imprisonment on each of the aggravated sexual assault of a child counts. *See State v. Halbrook*, No. 24882 (196th Dist. Ct., Hunt Cnty., Tex. July 29, 2009). The same day, he was also convicted in Case No. 24883 of two counts of aggravated sexual assault of a child and sentenced to life imprisonment on each. *See State v. Halbrook*, No. 24883 (196th Dist. Ct., Hunt Cnty., Tex. July 29, 2009). On July 28, 2010, the convictions and sentences in both cases were affirmed on appeal. *See Halbrook v. State*, No. 06–09–00204–CR, 2010 WL 2931070 (Tex. App.—Texarkana, July 28, 2010, no pet.); *Halbrook v. State*, 322 S.W.3d 716 (Tex. App.—Texarkana 2010, no pet.). He did not file a timely petition for discretionary review (PDR) with the Texas Court of Criminal Appeals in either case. *See Halbrook v. State*, Nos. PD-1211-10, PD 1212-10 (Tex. Crim. App. Nov. 1, 2010).

Petitioner's first set of state habeas applications, received by the state trial court on August 23 and August 24, 2012, were denied without written order by the Texas Court of Criminal Appeals on October 17, 2012. *See Ex parte Halbrook*, Nos. WR-78,446-01, WR-78,446-02 (Tex. Crim. App. Oct. 17, 2012); *Ex parte Halbrook*, No. WRIT07069 (196th Dist. Ct., Hunt Cnty., Aug. 23, 2012); *Ex parte Halbrook*, No. WRIT07072 (196th Dist. Ct., Hunt Cnty., Aug. 24, 2012). Petitioner's second set of state habeas applications were received by the Texas Court of Criminal Appeals on March 1, 2017, and denied without written order on May 17, 2017. *See Ex parte Halbrook*, Nos. WR-78,446-03, WR-78,446-04 (Tex. Crim. App. May 17, 2017). His third set of habeas applications were received by the Texas Court of Criminal Appeals on October 2, 2020, and dismissed as subsequent applications on October 28, 2020. *See Ex parte Halbrook*, Nos. WR-78,446-05, WR-78,446-06 (Tex. Crim. App. Oct. 28, 2020).

In his federal habeas petition, Petitioner alleges that his "6th and 14th amendment rights

were violated by trial counsel's failure to properly file verified motion requesting probation," and seeks a new sentencing hearing. (doc. 3 at 5, 7.)

## II. NATURE OF SUIT

Petitioner seeks to file this action under 28 U.S.C. § 2241. (*See* doc. 3 at 1.) He is expressly challenging his sentences in Case Nos. 24882 and 24883 and seeks to be resentenced, however. (*See id.* at 2, 5, 7.) Challenges to state convictions and sentences are governed by 28 U.S.C. § 2254. In addition, § 2241(c) provides that habeas relief is not available to a prisoner unless:

(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted. . .; or

(5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(c). Only the third paragraph appears to apply in this case. If Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States" for purposes of § 2241(c)(3), he is also in custody for purposes of § 2254. Because "a more specific provision controls a more general provision," this action falls under the more specific provision of § 2254 and is therefore properly construed as arising under that section. *Carmona v. Andrews,* 357 F.3d 535, 538 (5th Cir. 2004).

## III. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104–132, 110 Stat. 1214, on April 24, 1996. It applies to all federal petitions for habeas

3

corpus filed after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *see also* 110 Stat. 1217-1221 (governing habeas petitions in federal court). Among its provisions, the AEDPA establishes a one-year limitations period for state inmates seeking federal habeas relief. *See* 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner's conviction became final for purposes of § 2244(d)(1)(A) no later than December 13, 2010, when the state appellate court issued its mandate following the Texas Court of Criminal Appeals' denial of Petitioner's second motion to extend his deadline to file a PDR and Petitioner's failure to file a PDR.[2] *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th

---

[2] On September 7, 2010, the Texas Court of Criminal Appeals granted Petitioner's first motion for an extension of time to file a PDR. *See Halbrook v. State*, Nos. PD-1211-10, PD 1212-10 (Tex. Crim. App. Sept. 7, 2010). On October 29, 2010, Petitioner again sought an extension to file a PDR, which the Texas Court of Criminal Appeals denied on November 1, 2010. *See id.* (Tex. Crim. App. Nov. 1, 2010). The available state records do not indicate the date on which Petitioner's extension to file a PDR expired. For purposes of this petition only, the date on which the mandate was issued by the state appellate court is used in an abundance of caution because Petitioner's time to file PDR had expired by this date. *See* Tex. R. App. P. 18.1(a)(1)(A) (issuing mandate "[t]en days after the time has expired for filing a motion to extend time to file a petition for review or a petition for discretionary review if. . . no timely petition for review or petition for discretionary review has been filed," no motion for an extension of time to

Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires."); *Brown v. Thaler*, 455 F. App'x 401, 405 (5th Cir. 2011) (per curiam) (noting that a conviction becomes final for a petitioner who has been granted an extension to file a PDR, but who fails to file the PDR, on the date on which the petitioner could no longer seek direct review). Petitioner does not allege that state action prevented him from filing a § 2254 petition earlier, and he has not alleged any newly recognized constitutional right made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(B), (C).

Petitioner's allegations became known or could have become known through the exercise of due diligence prior to the date his conviction became final. Because the date his conviction became final is the latest date under § 2244(d), the one-year statute of limitations began to run no later than that date, December 13, 2010. Petitioner filed this habeas action over 11 years later. His § 2254 petition is therefore untimely in the absence of statutory or equitable tolling, or an applicable exception to the limitations period.

**A.**    **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Petitioner's first set of state habeas applications were received by the trial court on August 23 and August 24, 2012, over 8 months after his limitations period expired on December 13, 2011. They therefore do not toll the limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that habeas application filed in state court

---

file a PDR is pending, and the Texas Court of Criminal Appeals has not granted review on its own initiative).

after expiration of the limitations period does not statutorily toll the limitations period).

**B.    Equitable Tolling**

The AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 2000) (recognizing that only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Petitioner provides no basis for equitably tolling the limitations period, and he has therefore failed to meet his burden to show that he is entitled to equitable tolling.

**C.    Actual Innocence**

In *McQuiggin v. Perkins*, 569 U.S. 383, 386-92 (2013), the Supreme Court held that even

6

where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence and the evidence presented at trial. *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569 U.S. at 386). The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *McQuiggin*, 569 U.S. at 399-400. "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by 'new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.'" *Floyd*, 894 F.3d at 155 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' . . . The standard is seldom met." *Id.* at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)).

Petitioner does not allege that he is actually innocent and his claim does not present evidence of actual innocence. Accordingly, he cannot overcome the applicable AEDPA limitations period on this basis. His § 2254 motion should be denied as untimely.

## IV. RECOMMENDATION

The *Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241*, received on January 19, 2022 (doc. 3), should be construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED this 24th day of May, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE